USCA1 Opinion

 

 December 14, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1494 ANDREW TEMPELMAN, Plaintiff, Appellant, v. ROBERT PHILBRICK, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Andrew Tempelman on brief pro se. ________________ Mark D. Wiseman, Cleveland, Waters and Bass, P.A., Warren C. _________________ ___________________________________ _________ Nighswander, and Sulloway and Hollis on brief for appellee. ___________ ___________________ ____________________ ____________________ Per Curiam. The judgment is affirmed substantially for __________ the reasons recited by the district court in its decision dated March 28, 1994. It is worth emphasizing what is not ___ presented by the instant appeal. Plaintiff's constitutional argument rests solely on the Petition Clause of the First Amendment; he is not alleging that New Hampshire law creates a liberty interest entitling him, as a matter of procedural due process, to have his petition articles submitted to the voters at the school district meeting or the subsequent town meeting. Cf. Montero v. Meyer, 13 F.3d 1444, 1446-50 (10th ___ _______ _____ Cir.) (finding no liberty interest conferring right to participate in drafting of ballot initiative), cert. denied, _____________ 115 S. Ct. 231 (1994). Nor are we faced with a situation where the moderator (or for that matter the board of selectmen or the school board) has elected to withhold such articles entirely from the voters. Instead, the moderator in each instance here, after ruling that plaintiff's articles were contrary to state law and thus would not be voted upon, and after entertaining argument from plaintiff, called for a vote as to the propriety of this ruling. It was the voters themselves--"the very governmental bodies to whom the petitions were addressed," as the district court noted--who made the ultimate decision not to consider the articles because of their perceived invalidity. Plaintiff thus succeeded in "petitioning" the voters; he simply failed to persuade them. Under these circumstances, it is apparent that no First Amendment violation occurred. See, e.g., Minnesota Board for ___ ____ ___________________ Community Colleges v. Knight, 465 U.S. 271, 288 (1984) ("A __________________ ______ person's right to speak is not infringed when government simply ignores that person while listening to others.") (footnote omitted); San Filippo v. Bongiovanni, 30 F.3d 424, ___________ ___________ 437 (3d Cir. 1994) ("the petition clause does not require the government to respond to every communication that the communicator may denominate a petition"); Cecelia Packing _______________ Corp. v. United States Dep't of Agriculture, 10 F.3d 616, 623 _____ __________________________________ (9th Cir. 1993) ("The First Amendment guarantees the right to participate in the political process; it does not guarantee political success.") (quoting Badham v. Eu, 694 F. Supp. 664, ______ __ 675 (N.D. Cal. 1988), aff'd, 488 U.S. 1024 (1989)). _____ For these reasons, as well as the others enumerated by the district court, the judgment dismissing plaintiff's federal claims on the merits (and dismissing his state claims without prejudice) is hereby Affirmed. _________ -3-